UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL BLAYLOCK,

                              Plaintiff,

-against-

**ORDER**
14-CV-5363(SJF)(SIL)

JOHN DOE and RICHARD ROE, Nassau County Sheriff's
Department Correction Officers, DOCTOR ZOE, Medical
Director at Nassau County Correctional Center, MICHAEL
SPOSATO, Sheriff, "Each are Sued Individually and in their
Individual Capacities,"

                              Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 22 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Before the court are the applications of *pro se* plaintiff Michael Blaylock ("plaintiff") seeking (1) leave to proceed *in forma pauperis* and (2) the appointment of *pro bono* counsel to represent him in this action. For the reasons set forth below, plaintiff's application to proceed *in forma pauperis* is granted and his application for the appointment of *pro bono* counsel is denied without prejudice.

I.    *In Forma Pauperis* Application

On September 8, 2014, *pro se* plaintiff filed a complaint pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1985 and 1986 against two (2) "John Doe" defendants identified only as being "Nassau County Sheriff's Department Corrections Officers;" a third "John Doe" defendant identified only as being a "Medical Doctor at Nassau County Correctional Center;" and Nassau County Sheriff Michael Sposato (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, *see* 28 U.S.C. § 1915(a)(1), his application to proceed *in forma*

*pauperis* is granted. The Clerk of Court is directed to forward copies of the summonses, the complaint, this Order and the Notice of Hearing dated October 22, 2014 to the United States Marshal Service ("USMS") for service upon defendants without prepayment of fees, and to mail a copy of this Order to the *pro se* plaintiff at his last known address.

II.  Application for the Appointment of *Pro Bono* Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under §1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would

be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see also Johnston*, 606 F.3d at 42 (applying the *Hodge* factors); *Carmona*, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

The appointment of *pro bono* counsel is not warranted at this stage of the litigation because, *inter alia*, the legal issues presented in this case are not particularly complex; plaintiff appears capable of preparing and presenting his case and investigating the crucial facts; and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renewal when this case is trial ready. In the interim, plaintiff must either retain counsel or proceed *pro se*.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and his application for the appointment of *pro bono* counsel is denied without prejudice to renewal when this case is ready for trial, if so warranted at that time. The Clerk of the Court is directed to forward copies of the summonses, the complaint, this Order and the Notice of Hearing dated October 22, 2014 to the USMS for service upon defendants without prepayment of fees and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**                    s/ Sandra J. Feuerstein
                                   _____
                                   Sandra J. Feuerstein
                                   United States District Judge

Dated: October 22, 2014
       Central Islip, New York