UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL BLAYLOCK.

                 Plaintiff,

      -against-

JOHN DOE and RICHARD ROE, Nassau County
Sheriff's Department Correction Officers;
MARILYN MARTIN-NAAR, M.D.[1]; and
MICHAEL SPOSATO, Sheriff,

                 Defendants.
------------------------------------------------------------------X

FILED
CLERK
3/17/2016 2:24 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

14-CV-5363 (SJF)(SIL)

**OPINION and ORDER**

FEUERSTEIN, District Judge:

    Pending before the Court, *inter alia*, is the motion of defendant Marilyn Martin-Naar, M.D. ("Dr. Martin-Naar") seeking dismissal of all claims asserted against her by plaintiff Michael Blaylock ("plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In his various opposition papers, (see DE 28, 33 and 46), plaintiff addresses only so much of Dr. Martin-Naar's motion as seeks dismissal of his claims against her pursuant to the PLRA for failure to exhaust administrative remedies. For the reasons set forth below, so much of Dr. Martin-Naar's motion as seeks dismissal of plaintiff's claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; plaintiff's claims against Dr. Martin-

---

[1] Plaintiff named a fictitious "Doctor Zoe, Medical Doctor at Nassau County Correctional Center" in his complaint. By minute order entered on July 24, 2015, I granted, on consent, plaintiff's motion to amend the complaint to substitute Marilyn Martin-Naar, M.D. for the fictitious doctor-defendant. (See Docket Entries ["DE"] 42 and 44; see also DE 38). The Clerk of the Court shall amend the docket accordingly.

1

Naar are dismissed in their entirety with prejudice for failure to state a claim for relief; and plaintiff's ADA claims are dismissed in their entirety with prejudice for failure to state a claim for relief.

I.   BACKGROUND

   A.   Factual Background

On June 11, 2013, plaintiff was transported by defendants "John Doe" and "Richard Roe," whom he identifies as correction officers for the Nassau County Sheriff's Department, from Shawangunk Correctional Facility, where he was then incarcerated, to the Nassau County Correctional Center ("NCCC") so that he could attend a hearing in the Supreme Court of the State of New York, County of Nassau. (Compl., ¶¶ 4, 6).

Upon his arrival at the NCCC, *inter alia*, plaintiff "was immediately escorted to the medical department," (Compl., ¶ 11), where he was examined by Dr. Martin-Naar. (Id., ¶ III(d)). According to plaintiff, after he informed the doctor of his medical condition, i.e., "back, neck and spinal cord damage resulting from . . . injuries [he] sustained . . . during [a] [motor] vehicle accident [at the former Arthur Kill Correctional Facility]," (id., ¶¶ 7, 11), and the medications he was taking, (id., ¶ 11), "[t]he doctor promptly informed [him] that they don't given [sic] out the type of medications plaintiff was prescribed i.e.[,] ('Percocet') and . . . that all he would be given is ('Tylenol')."[2] (Id.) Plaintiff alleges that "[f]or three days [he] suffered severe pain as a result

---

[2] In his "Declaration in Opposition to Defendant's Motion to Dismiss Complaint," dated July 20, 2015 ("Plf. Decl."), plaintiff further contends, in relevant part, that "Dr. Marilyn Martin-Naar[] refused to administer the medication sent by the prison doctor, or to order the medication, citing ARMOR policy." (Plf. Decl., ¶ 5). Plaintiff's specific factual allegations that Dr. Martin-Naar

2

of not receiving his prescribed medications from the Shawangunuk [sic] Correctional Facility, and [he] suffered a stroke on June 13, 2013, requiring him to be transported immediately to the Nassau University Medical Center ['NUMC'']."[3] (Id., ¶ 12). According to plaintiff, he remained hospitalized at the NUMC for six (6) days and returned to the NCCC in a wheelchair on June 19, 2013. (Id.)

B. Procedural History

On or about September 8, 2014, plaintiff commenced this action pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983") against "John Doe" and "Richard Roe," the two (2)

---

acted pursuant to her employer's policy contradict his conclusory allegation that she participated in "a conspiracy to violate [his] civil and constitutional rights." (Compl., ¶ 19). Moreover, the complaint is devoid of any allegations from which it may reasonably be inferred that the purported conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." Dolan v. Connolly, 794 F.3d 290, 296 (2d Cir. 2015) (quotations and citation omitted). Thus, the complaint fails to state plausible claims against Dr. Martin-Naar under 42 U.S.C. §§ 1985 and 1986. See, e.g. Morales v. City of New York, 752 F.3d 234, 238 (2d Cir. 2014) (affirming dismissal of the plaintiff's Section 1985 claim on the basis that he failed to plead facts showing that the defendants acted with discriminatory animus); Gollomp v. Spitzer, 568 F.3d 355, 363, 365 (2d Cir. 2009) (affirming the dismissal of the plaintiff's Section 1985 and 1986 claims on the basis that the complaint was devoid of any factual allegations that would support his conclusory assertion that the defendants conspired against him because of his age). Accordingly, to the extent plaintiff asserts claims against Dr. Martin-Naar pursuant to 42 U.S.C. §§ 1985 and 1986, those claims are dismissed for failure to state a claim for relief.

[3] In his opposition papers, plaintiff contends, in relevant part, that he suffered the stroke "[d]ue to the debilitating pain, and other contributing factors[.]" (DE 46, Plf. Decl., ¶ 7). Plaintiff does not indicate what those "other contributing factors" are, nor the basis for that contention, e.g., that a doctor attributed the cause of his stroke to his pain and other factors. Indeed, plaintiff also submits a declaration from another inmate at the NCCC, Daniel Miller ("Miller Decl."), in which Mr. Miller avers, *inter alia*, that "[plaintiff] believes that the failure or refusal of Dr. Martin-Naar [to administer or continue the course of treatment prescribed . . . by doctors at the N.Y.S. Facility] was the direct cause of his stroke and resulting disability." (DE 46, Miller Decl., ¶ 5 (emphasis omitted)).

3

unidentified corrections officers who allegedly transferred plaintiff to the NCCC from Shawangunk Correctional Facility on June 11, 2013; the fictitious "Dr. Zoe," who was subsequently identified as Dr. Martin-Naar; and Sheriff Michael Sposato. As relevant for purposes of this motion, plaintiff alleges, *inter alia*, that Dr. Martin-Naar was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights and his rights "as a disabled person" under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (third cause of action). (Compl., ¶ 17). Plaintiff seeks compensatory damages in the amount of three million dollars ($3,000,000.00) and punitive damages in the amount of one million dollars ($1,000,000.00) from each defendant. (Id., ¶¶ 20-21).

Dr. Martin-Naar now moves pursuant to Rule 12(b)(6) and the PLRA to dismiss plaintiff's claims against her for failure to state a claim for relief and failure to exhaust administrative remedies.

## II. DISCUSSION

### A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted

4

unlawfully." Id.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret.

Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

Moreover, although a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests[,] * * * [it] must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir.2013) (internal citations, quotation marks, and brackets omitted)).

B.  Section 1983 Claim

Section 1983 of Title 42 of the United States Code provides, in relevant part, that:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the

6

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). The non-conclusory factual allegations in plaintiff's complaint fail to satisfy the second element, i.e., to state a plausible claim that plaintiff was deprived of a constitutional or federal right.

Prison officials have a duty, imposed under either the Eighth Amendment with respect to convicted prisoners or the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively,[4] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quotations and citations omitted). Plaintiff seeks to assert a Section 1983 claim against Dr. Martin-Naar for deliberate indifference to his serious medical needs, which has both an objective and subjective component. See Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013); Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011).

The objective component of a deliberate indifference claim requires that "the alleged deprivation * * * be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill v. Curcione, 657 F.3d 116, 122 (2d

---

[4] The same "deliberate indifference" standard applies to claims challenging prison conditions regardless of whether the claim is brought under the Eighth Amendment or the Due Process Clauses of the Fifth and Fourteenth Amendments. See Caiozzo v. Koreman, 581 F.3d 63, 70-1 (2d Cir. 2009).

7

Cir. 2011) (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)); see also Farmer, 511 U.S. at 834, 114 S. Ct. 1970 ("First, the deprivation alleged must be, objectively, sufficiently serious." (quotations and citation omitted)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006); see also Thompson v. Racette, 519 F. App'x 32, 33-34 (2d Cir. June 4, 2013) (summary order).

"[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Salahuddin, 467 F.3d at 280. "In cases where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower[,]" id., and the focus is "on the alleged inadequate treatment, not the underlying condition alone." Butler v. Furco, 614 F. App'x 21, 22 (2d Cir. Aug. 25, 2015) (summary order); accord Hale v. Rao, 768 F. Supp. 2d 367, 378 (N.D.N.Y. 2011); Jordan v. Fischer, 773 F. Supp. 2d 255, 275 (N.D.N.Y. 2011). "When the basis for a prisoner's [deliberate indifference] claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious to support a[] [deliberate indifference] claim." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003)

8

(emphasis, quotations and citations omitted); accord Salahuddin, 467 F.3d at 280. "[I]t's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant * * *." Smith, 316 F.3d at 186; see also Salahuddin, 467 F.3d at 280. In evaluating the objective component of a deliberate indifference claim based upon a delay or interruption in treatment, courts must "focus[] on the particular risks attributable to the missed * * * medication [or other delay or interruption in treatment], rather than on [the plaintiff's underlying medical condition] alone. . . ." Smith, 316 F.3d at 187. Where the "risk of harm" the plaintiff faced as a result of missed medication, or other delay in treatment, is "not substantial," there is no constitutional violation. Bellotto v. County of Orange, 248 F. App'x 232, 237 (2d Cir. Sept. 26, 2007) (summary order).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Farmer, 511 U.S. at 834, 114 S. Ct. 1970 (holding that the second requirement for a deliberate indifference claim is that a prison official must have acted or failed to act with a "sufficiently culpable state of mind"); Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind"), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Farmer, 511 U.S. at 842, 114 S. Ct. 1970; Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be

9

drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835, 114 S. Ct. 1970; see also Walker, 717 F.3d at 125.

Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed. 2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Hill, 657 F.3d at 123 ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness– an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (quotations and citation omitted)); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

Moreover, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." Hill, 657 F.3d at 123; see also Hanrahan v. Mennon, 470 F. App'x 32, 33 (2d Cir. May 18, 2012) (summary order). "[M]ere disagreement over the proper treatment does not create a constitutional claim." Hill, 657 F.3d at 123 (quoting Chance v.

10

Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)). "[T]he essential test is one of medical necessity and not one simply of desirability." Id. (quoting Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986)).

Plaintiff's sole claim against Dr. Martin-Naar is that, pursuant to her employer's policy, she offered him Tylenol to treat the pain from his pre-existing "medical condition" in lieu of the pain medication he had been prescribed at Shawangunk Correctional Facility, i.e., Percocet. Such disagreement as to the appropriate pain medication to provide to an inmate does "not support a claim that the doctor was deliberately indifferent to the inmate's 'serious' medical needs." Wright v. Genovese, 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010), aff'd, 415 F. App'x 313 (2d Cir. Mar. 23, 2011) (citing cases); see also Veloz v. New York, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004), aff'd, 178 F. App'x 39 (2d Cir. Apr. 24, 2006) ("While prisoners have a right to medical care, they do not have a right to chose a specific type of treatment. . . . Differences in opinion . . . over the appropriate medication to be prescribed is a disagreement over a treatment plan and does not implicate the Eighth Amendment."); Muhammad v. Cohen, No. 13-cv-1422, 2015 WL 1973330, at * 11 (S.D.N.Y. May 1, 2015) ("[P]laintiff's disagreement with [the physician assistant's] medical decision as to the appropriate medication or dosage does not create a § 1983 claim.")

Nor does plaintiff allege any facts from which it may reasonably be inferred that Dr. Martin-Naar acted with the requisite state of mind, i.e., disregarded a substantial risk to plaintiff's health and safety, in providing plaintiff with Tylenol in lieu of Percocet to treat the pain from his medical condition. Indeed, plaintiff alleges only that Dr. Martin-Naar gave him Tylenol instead of Percocet because of Armor's purported policy of not "giv[ing] out" that "type

of medication[]" at the NCCC. Accordingly, the branch of Dr. Martin-Naar's motion seeking dismissal of plaintiff's Section 1983 claim against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's Section 1983 claim against Dr. Martin-Naar is dismissed in its entirety for failure to state a claim for relief.

C. ADA Claim

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" Dean v. Univ. of Buffalo Sch. of Med. & Biomedical Sciences, 804 F.3d 178 186 (2d Cir. 2015) (quoting 42 U.S.C. § 12132). Since "[o]nly public entities are subject to Title II,"[5] City & County of San Francisco, Cal. v. Sheehan, 135 S. Ct. 1765, 1773, 191 L. Ed. 2d 856 (2015), individuals may not be sued in their individual or personal capacity thereunder. See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II of the ADA does not "provide[] for individual capacity suits against state officials.") As plaintiff does not sue any public entity, as defined in the ADA, and only sues defendants "individually and in [t]heir individual capacities [sic]," (Compl. at 1, Caption), the complaint fails to state a plausible ADA claim against any of the defendants.

Moreover, in order "[t]o state a claim under Title II of the ADA, the plaintiff must allege

---

[5] A "public entity" is defined as "(A) any State of local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1).

that (1) he or she is a qualified individual with a disability; (2) that the defendant[] [is] subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendant['s] services, programs, or activities, or was otherwise discriminated against by defendant[], by reason of plaintiff's disabilities." Shomo v. City of New York, 579 F.3d 176, 185 (2d Cir. 2009) (quotations, brackets and citation omitted); accord Dean, 804 F.3d at 187. Although plaintiff alleges that he has a medical condition, and it is assumed, for purposes of this motion, that his allegations are sufficient to allege that he has a disability within the meaning of the ADA, the complaint is bereft of any facts from which it may reasonably be inferred, *inter alia*, that he was denied any prison service or benefit, or was otherwise discriminated against by reason of any purported disability, while incarcerated at the NCCC. Indeed, it is clear from the factual allegations in the complaint that plaintiff received medical services at the NCCC, i.e., upon his arrival at the NCCC, he was "immediately" evaluated by Dr. Martin-Naar for his medical condition and medications, and was offered Tylenol to treat the pain from his medical condition, (Compl., ¶ 11); and after suffering a stroke on June 13, 2012, he was "transported immediately" to the NUMC for treatment, where he remained for six (6) days. (Id., ¶ 12). Accordingly, the complaint fails to state a plausible ADA claim. See, e.g. Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 443 (S.D.N.Y. 2004) (dismissing the plaintiff's ADA claim because he did not allege that he was prevented from participating in or benefitting from prison programs and services because of his disability); Ramrattan v. Fischer, No. 13 Civ. 6890, 2015 WL 3604242, at * 5 (S.D.N.Y. June 9, 2015) ("[W]hen an ADA claim does not state that a plaintiff was excluded from a prison service or program, it must be dismissed." (emphasis omitted)). Therefore, the branch of Dr. Martin-Naar's motion seeking dismissal of plaintiff's

13

ADA claim against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's ADA claims are dismissed in their entirety for failure to state a claim for relief.

D. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although "a *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" Nielsen, 746 F.3d at 62 (quotations and citation omitted); accord Grullon, 720 F.3d at 139-40, leave to amend may be denied, *inter alia*, when amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Nielsen, 746 F.3d at 62; Grullon, 720 F.3d at 140. "Futility is a determination, as a matter of law, that . . . amendment[] would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012); accord IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015). Since the deficiencies in plaintiff's claims against Dr. Martin-Naar and her ADA claims are substantive and not curable by way of re-pleading, any amendment to the complaint would be futile. Accordingly, plaintiff's claims against Dr. Martin-Naar and ADA claims against all defendants are dismissed in their entirety with prejudice.[6]

---

[6] In light of this determination, it is unnecessary to consider the branch of Dr. Martin-Naar's motion seeking dismissal of plaintiff's claims against her pursuant to the PLRA for failure to

III. CONCLUSION

For the reasons set forth above, so much of Dr. Martin-Naar's motion as seeks dismissal of plaintiff's claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against Dr. Martin-Naar, and ADA claims against all defendants, are dismissed in their entirety with prejudice for failure to state a claim for relief. There being no just reason for delay, the Clerk of the Court shall enter judgment in favor of Dr. Martin-Naar on plaintiff's claims against her pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

                                                /s/
                                   Sandra J. Feuerstein
                                   United States District Judge

Dated: March 17, 2016
       Central Islip, New York

---

exhaust administrative remedies.